UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CODY WHITEMAN,

       Plaintiff,                                   Hon. Paul L. Maloney

v.                                                 Case No. 1:14-cv-00861-PLM

1ST CLASS TOWING, INC., et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       This is a cause of action by an individual plaintiff alleging violations of the Fair Labor Standards Act (FLSA) and the Michigan Workforce Opportunity Wage Act, as well as common law actions sounding in breach of contract, unjust enrichment, and promissory estoppel. (Complaint, Dkt. 1). On April 7, 2015, the parties appeared before this judicial officer for a settlement conference. (Minutes, Dkt. 31). The parties reached terms to resolve all the pending claims.

       As the claims subject to the settlement agreement include the FLSA claim, the parties are seeking court approval. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (compromise of a private action under the FLSA requires judicial approval). The *Lynn's Food* decision is not controlling precedent; nor do the parties concede the correctness of its holding. To be sure, other courts have differed as to the enforceability of a private settlement of an FLSA claim. *See Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (A settlement agreement "is an enforceable resolution of those FLSA claims predicated on a *bona fide* dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves.") (emphasis supplied); *see also Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp.2d

608, 631 (W.D. Tex. 2005) ("[P]arties may reach private compromises as to FLSA claims where there is a *bona fide* dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances.") (emphasis supplied).

Nevertheless, this Court has been asked to review the settlement in this case to determine both whether there is a bona fide dispute regarding the FLSA claim, and whether the terms of the confidential settlement agreement are fair and reasonable. I recommend approval of the settlement agreement, a copy of which is has been submitted to this judicial officer in open court on April 29, 2015, and which has been filed under restricted access. (Dkt. 37).

I find that there is a genuine dispute as to whether plaintiff was an "employee" of the defendant, as he contends in his complaint, or an "independent contractor," as alleged by defendants. Should a jury find that plaintiff was an independent contractor, he is not entitled to the benefits he seeks under the FLSA. Moreover, there is a bona fide dispute as to the amount of past wages due plaintiff, even if he is determined to have been an employee during the times relevant to the complaint.

I also find that the terms of the settlement agreement are fair and reasonable. These terms are contained in a confidential settlement agreement between the parties. The agreement includes a fair and reasonable compromise concerning the amount of money to be paid to plaintiff to resolve all his claims, including the FLSA claim. These are private parties, each represented by competent counsel who have zealously advocated for the interests of their respective clients.

**Recommended Disposition**

For the foregoing reasons, I recommend that the parties' confidential settlement agreement be approved (Dkt. 37), and that a final order be entered closing this case pursuant to

the parties' proposed Stipulated Order of Settlement and Dismissal with Prejudice.  The parties are directed to file the proposed stipulated order within fourteen days of this Report and Recommendation.

Dated:  April 30, 2015                               /s/  Phillip J. Green
                                                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006);
*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).